**AIR TURBINE TECHNOLOGY, INC., a Florida Corporation, Plaintiff,**

v.

**ATLAS COPCO AB, Atlas Copco Tools AB, Atlas Copco North American Inc. and Atlas Copco Tools, Inc., Defendants.**

Nos. 018288CVMIDDLEBROOKS, 01–8288–CIV–BANDSTRA.

United States District Court, S.D. Florida.

Feb. 19, 2002.

Ned Roger Nashban, Quarles & Brady, Boca Raton, FL, Casey Keeler Weidenmiller, Quarles & Brady, Naples, FL, Richard L. Horn, Gregory M. Smith, Quarles & Brady, Chicago, IL, for Air Tribune Technology, Inc.

Susan Kohlmann, Brett Lewis, Pillsbury Winthrop, William Atkins, Guillermo E. Baeza, Pillsbury Winthrop, McLean, VA, for Atlas Copco.

John C. Dotterrer, Winthrop, Stimson, Putman & Roberts, Palm Beach, FL, Susan Kohlmann, Brett Lewis, Pillsbury Winthrop, William Atkins, Guillermo E. Baeza, Pillsbury Winthrop, McLean, VA, for Atlas Copco North America, Inc., Atlas Copco Tools AB.

John C. Dotterrer, Winthrop, Stimson, Putman & Roberts, Palm Beach, FL, Scott J. Pivnick, Pillsbury Winthrop, Washington, DC, Susan Kohlmann, Brett Lewis, Pillsbury Winthrop, William Atkins, Guillermo E. Baeza, Pillsbury Winthrop, McLean, VA, for Atlas Copco Tools, Inc.

## ORDER ON DEFENDANT ATLAS COPCO AB'S MOTION TO DISMISS

MIDDLEBROOKS, District Judge.

This Cause comes before the Court upon the Motion to Dismiss for Insufficiency of Service and Lack of Personal Jurisdiction (DE # 19), filed by Defendant Atlas Copco AB ("ACAB") on June 15, 2001. This is an action alleging patent infringement under the Patent Act, 35 U.S.C. § 100 *et seq.*, violations of the Lanham Act, 17 U.S.C. § 1125(a), and common law breach of contract, breach of confidential relationship,

fraud and unfair competition. Plaintiff's allegations of wrongdoing by the Defendants pertain to its technology in the field of "governor controlled constant high speed and automatic braking air turbine powered tools." *Amended Complaint* at ¶ 1. The Defendant Atlas Copco AB, a non-resident corporation, seeks to dismiss this action for lack of personal jurisdiction.[1]

In considering whether a plaintiff has established its prima facie case of personal jurisdiction, the Court must accept the facts alleged in the Amended Complaint as true where they are uncontroverted by the defendants' affidavits. Where the parties' affidavits and evidence conflict, however, the Court "must construe all reasonable inferences in favor of the plaintiff." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990); *see also S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir.2000)(plaintiff need only make a prima facie showing of personal jurisdiction when motion to dismiss for lack of personal jurisdiction is determined on the basis of affidavits and written material). The plaintiff bears the burden of proving jurisdiction where the defendant raises a meritorious challenge. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir.1996).

The Court uses a two-part analysis to determine whether personal jurisdiction exists over a non-resident defendant. The Court must first determine whether there is a basis for jurisdiction under Florida's long-arm statute. Upon a finding of long-arm jurisdiction, the Court must then determine whether the defendant has "minimum contacts" with the forum state sufficient to satisfy federal due process requirements and to ensure that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d at 855 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *see also Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626; *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1365 (S.D.Fla.1999).

The Plaintiff argues that the Court may exercise jurisdiction over ACAB under several provisions of the Florida long-arm statute.[2] Plaintiff asserts that Fla. Stat. §§ 48.193(1)(a), (b) and (g) are applicable to ACAB. Under Section 48.191(1)(a), a person is subject to the state's jurisdiction for a cause of action arising out of engaging in or carrying on a business within the state or having an office within the state. Section 48.191(1)(b) applies to a claim based on the commission of a tort within

1. The Defendant also challenged the sufficiency of service, asserting that the Amended Complaint was not served upon the Ministry of Justice of Sweden in accordance with the Hague Convention. Fed.R.Civ.P. 4(f). The Court received notice from Plaintiff on August 1, 2001 (DE # 37, Return of Service) which indicates that the Amended Complaint was properly served. As such, that part of the motion to dismiss is moot.

2. The relevant portion of the Florida long-arm statute states:

    (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself, ... to the jurisdiction of the court's of this state for any cause of action arising from the doing of any of the following acts:

    (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

    (b) Committing a tortious act within this state....

    (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

the state. Section 48.193(1)(g) provides for jurisdiction over a person alleged to have breached a contract within the state.

■ In support of its Motion to Dismiss, ACAB asserts that it is a Swedish holding company that does not engage in any business within the state of Florida. ACAB holds the stock of approximately 210 companies. ACAB contends that it does not manufacture, distribute, market or sell products. *Declaration of Staffan Nordin.* The Plaintiff argues that the Court should disregard the Declaration of Staffan Nordin, Treasurer of ACAB, submitted by ACAB in support of its Motion to Dismiss. Plaintiff argues that the Declaration is analogous to an affidavit criticized and discounted by the Eleventh Circuit in *Posner v. Essex Ins. Co., Ltd.* 178 F.3d 1209 (11th Cir.1999). The Eleventh Circuit found the affidavit to be of limited significance to the personal jurisdictional issue as it was conclusory and essentially quoted the long-arm statute. *Id.* at 1215. While the Declaration at issue in this case does include some conclusory language, it also includes factual allegations based upon Mr. Nordin's personal knowledge and experience with ACAB. As such, the Court will consider the statements concerning ACAB's structure, offices and business locations. *See id.* (While finding that some of the factual assertions made in the disputed affidavit were conclusory and did not carry much weight, the Court considered "those portions of the [affidavit] that set forth specific factual declarations within the affiant's personal knowledge."). ACAB has established that it is a Swedish holding company that does not actually manufacture, distribute or market any products. ACAB does not maintain any office within Florida, nor does it have any employees or agents working within Florida. *Declaration of Staffan Nordin.* Plaintiff has not presented evidence to establish that ACAB was engaged in any business in Florida.

As such, ACAB is not subject to jurisdiction under Section 48.193(1)(a).

■ Plaintiff asserts that ACAB is subject to personal jurisdiction pursuant to Section 48.193(g) of the Florida long-arm statute due to its alleged breach of a "Private Brand Agreement" (the "Agreement") dated May 1, 1992. The Plaintiff contends that when entering into the Agreement, it was believed to be an agreement between Plaintiff and ACAB. Plaintiff cites to the Declaration of Simon Shane, the Chairman of the Board of Air Turbine Technology, Inc., in support of this contention. Mr. Shane states that he entered into the Agreement based on his understanding that ACAB would be a party to the agreement. Plaintiff further argues that ACAB should be held to the Agreement because an ACAB in-house counsel, Hakan Osvald, represented that he controlled the final execution of the agreement.

The documents submitted by the Plaintiff, however, do not establish that ACAB was a party to the Agreement. Plaintiff submitted two exhibits: a fax cover sheet from Hakan Osvald with an attached letter and draft of the Agreement from Thomas Kenwood, a representative of Atlas Copco Tools AB (*Exhibit 1 to Shane Declaration*) and a fax cover sheet which references the attached final version of the Agreement (*Exhibit 2 to Shane Declaration*). The exhibits indicate that Thomas Kenwood was the primary negotiator of the Agreement. Mr. Osvald's participation is seemingly limited to being a contact person in Mr. Kenwood's absence. Plaintiff has not established that Atlas Copco Tools AB was acting as with the apparent authority of ACAB as the evidence does not indicate that ACAB created the appearance of an agency relationship. *See e.g. MeterLogic, Inc. v. Copier Solutions, Inc.,* 126 F.Supp.2d 1346, 1354–55 (S.D.Fla.2000) (A party must show that the

principal creates the appearance of an agency relationship in order to establish an agency relationship under Florida law.). In addition, the Agreement does not name Atlas Copco AB as a party. The Agreement is "between Atlas Copco Tools AB . . . and Air Turbine Technology, Inc." *See Defendant's Exhibit 3.* The signatories to the Agreement are Atlas Copco Tools AB and Air Turbine Technology, Inc. *See id.* There is no reference to ACAB in the final Agreement or in the draft attached to Mr. Kenwood's letter. Finally, Mr. Shane addressed a letter terminating the Agreement to the attention of Thomas Kenwood at Atlas Copco Tools AB. *See Defendant's Reply, Exhibit A.* In light of the above, the Plaintiff has failed to establish that this Court should exercise jurisdiction over ACAB pursuant to Section 48.193(g).

The Plaintiff also asserts that Florida's long-arm statute is applicable to ACAB as it has committed a tort in the state by selling an infringing tool. As support for this claim, the Plaintiff references a price quotation and invoice for sale of an Atlas Copco tool sold by a dealer in Miami, Florida. *Exhibits 3 and 4 to Shane Deposition.* The exhibits do not show, however, that the sale was effected by an agent of ACAB. "Atlas Copco" is referenced on the exhibits, but it is unclear whether this sale is by an agent for ACAB, Atlas Copco Tools, Inc. or another corporate entity. The Plaintiff has also failed to establish an agency relationship between ACAB and the corporate entity responsible for the allegedly infringing sale. The Plaintiff has not established a prima facie showing that ACAB is subject to jurisdiction under Section 48.191(1)(b).

The Court finds that there is no basis for jurisdiction under Florida's long-arm statute. Accordingly, the Court need not address the federal due process issues. In light of the foregoing, it is the Court's determination that the action against Defendant Atlas Copco AB should be dismissed for lack of personal jurisdiction. It is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED. The claims against Defendant Atlas Copco AB are DISMISSED for lack of personal jurisdiction.